Philip STROUD, d/b/a Philip Stroud Roofing & Sheet Metal Co., Appellant,

v.

Cecil COTHRUN and Central Surety and Insurance Corporation, Appellees.

No. 5052.

Court of Civil Appeals of Texas.

El Paso.

Nov. 24, 1954.

Murray Howze, Monahans, for appellant.

J. T. Moore, Jr., and J. H. Starley, Pecos, for appellees.

HAMILTON, Chief Justice.

This is an appeal from the judgment of the District Court of Reeves County based upon special issues submitted to the jury. Suit was instituted against appellee and Central Surety Bond and Insurance Corporation on its performance bond for $8,351 alleged to be due appellant for certain labors performed and materials furnished upon two Pecos Independent School District projects upon which appellee was general contractor and appellant was a subcontractor for sheet metal and roofing work. Appellee Cecil Cothrun answered admitting a balance of $6,000 due the appellant, the sub-contractor, thereby placing in issue only the amount of $2351. The special issues submitted by the court and the answers of the jury are as follows:

"Question No. 1. Do you find from a preponderance of the evidence that there was an oral contract between Cecil Cothrun and Philip Stroud for the sub-contract work in question? Answer 'yes' or 'no'.
Answer: Yes.

"Question No. 2. Do you find from a preponderance of the evidence that there was a written contract between Cecil Cothrun and Philip Stroud for the sub-contract work in question? Answer 'yes' or 'no'.
Answer: No.

"Question No. 3. From a preponderance of the evidence, what amount of money did Cecil Cothrun agree to pay Philip Stroud for the sub-contract work? Answer in Dollars and Cents, if any.
Answer: "18,000.00."

Upon these answers the court entered judgment for the appellant in the sum of $6,000, the amount tendered into court by appellees, less an offset of $237.83, which offset is not an issue in this appeal.

Appellant predicates his appeal upon one proposition:

"That the trial court erred in overruling appellant's motion to disregard the jury's answer to Special Issue No. 3 and render judgment for appellant for the amount sued for on the jury's answer to Special Issues 1 and 2."

The evidence in this case is very contradictory. The only facts upon which the parties agree is that the appellee Cecil Cothrun as general contractor sublet to Philip Stroud the sheet metal and roofing work on the two buildings, and that Philip Stroud had completed the work according to the contract, and further that appellee had paid the sum of $12,000 to appellant, prior to the time of the filing of this suit. Appellee and his associate or partner, Widamer, testified in substance that the day after Cothrun secured the general contract for the construction of the building, he, Cothrun, made an agreement with Philip Stroud to the effect that he was to do the sheet metal and roofing work called for in the specifications on both buildings for the amount of $18,000. They further testified that the agreement was to be reduced to writing within a few days, and that in about thirty days it was reduced to writing and was executed in duplicate by both parties. Philip Stroud, appellant, testified that he did have an agreement with Cecil Cothrun to do the sheet metal and roofing work on the two buildings at a price of $18,000 for one building and $2,351 for the other. He further testified that there was no understanding to reduce the agreement to writing and that no agreement on the said contract was ever reduced to writing and executed by the parties. No written contract was produced at the trial. Appellee Cecil Cothrun testified that his copy of the contract had disappeared and called upon appellant Philip Stroud to produce the original, which he did not do, he maintaining that there was no such written contract in existence.

Appellant maintains that since the jury in answer to Special Issue No. 2 found that there was no written contract between Cecil Cothrun and Philip Stroud for the sub-contract work that the answer to special issue No. 3 wherein the jury answered $18,000 as the amount of money agreed to be paid by Cecil Cothrun to Philip Stroud for such work is without any evidence to support it. We cannot agree with appellant on this proposition. There is ample evidence that the agreed price between the parties was $18,000 for said contract. We think the court committed no error in overruling appellant's motion to disregard the answer to special issue No. 3. It is true appellee testified that the agreement was later reduced to writing, but the jury was not bound to believe that part of the testimony, and evidently did not so believe. We know of no rule of law or any decision which holds that because a jury disbelieves part of one of the parties' evidence that the balance of such evidence is without probative force. Neither do we know of any rule of law or decision which holds that because a jury believes part of the evidence of one party that the court must hold that the balance of the evidence of said party must be true, as a matter of law. The principal and ultimate issue in this case between the parties was, what was the contract price, not whether the contract was oral or in writing. The jury found that the contract price was $18,000 as maintained by appellee, and not $20,351 as maintained by the appellant. This being a contract not required to be in writing the finding as to whether it was written or oral was immaterial.

The judgment of the trial court is affirmed.